1   **WO**

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9   Sean Alex Roundtree; et al.,           )   No. CV 12-2044-PHX-JAT
                                           )
10              Plaintiffs,                )   **ORDER**
                                           )
11  vs.                                    )
                                           )
12                                         )
    Jerry Colangelo; et al.,               )
13                                         )
                Defendants.                )
14                                         )
                                           )
15  _____   )

16          Sean Alex Roundtree filed a complaint in this case and moved to proceed in forma

17  pauperis.  Before the Court will consider in forma pauperis status, Mr. Roundtree will be

18  required to cure, if possible, the following deficiencies in his complaint.

19          **I.      Parties**

20           In his caption, Mr. Roundtree states he is suing on behalf of two minors.  In the body

21  of the complaint, Mr. Roundtree suggests he is suing on his own behalf in addition to on

22  behalf of his two minor children.  As to the Defendants, in his caption, Mr. Roundtree names

23  only Jerry Colangelo, using an et al. designation for the remaining Defendants.  The Clerk's

24  Office has gone through the complaint and identified 49 different Defendants.  However, it

25  is unclear to this Court whether Mr. Roundtree actually intended to name them as

26  Defendants.  For example, on page 2, Mr. Roundtree prefaces his description of paragraphs

27  5 and 6 with "Defendant" but not paragraphs 3 or 4.  Further, the numbers preceding each

28  sentence are merely paragraph numbers that continue through out the complaint, not specific

1   "Defendant" numbers.

2       To clarify this confusion, Mr. Roundtree will be permitted leave to file an amended

3   complaint.  Mr. Roundtree is advised that the CAPTION will control which people and

4   entities are parties to this case.  Neither this Court, nor the Clerk of the Court will read the

5   complaint to discover who Mr. Roundtree may think is a Plaintiff or a Defendant.  Mr.

6   Roundtree must name each one separately and specifically in the caption, consistent with the

7   Local Rules.

8       **II.    Jurisdiction**

9       The complaint alleges jurisdiction based on diversity.  Doc. 1 at 8.  However, Mr.

10  Roundtree has failed to identify the citizenship of all of the parties.  For example, he names

11  Phoenix Suns Limited Partnership, but fails to identify the citizenship of each of the partners.

12  *See Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990).  By way of further example,

13  he names Suns Legacy Holding L.L.C., but fails to identify the citizenship of every member.

14  *See Johnson v. Columbia Properties Anchorage, L.P.,* 437 F.3d 894, 899 (9th Cir. 2006).

15  Thus, to plead diversity jurisdiction, Mr. Roundtree must properly plead the citizenship of

16  each entity (the Court will not undertake to advise Mr. Roundtree of how to plead the

17  citizenship of every possible entity he might choose to name in his amended complaint) and

18  each individual.

19      Accordingly, in the to-be-filed amended complaint referenced above, Plaintiff must

20  properly plead the citizenship of every Defendant.  If Plaintiff fails to plead the citizenship

21  of every Defendant such that this Court can assess its jurisdiction, this case will be dismissed

22  without prejudice.  *See Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d

23  691, 693 (7th Cir. 2003) ("Inquiring whether the court has jurisdiction is a federal judge's first

24  duty in every case.").

25      **III.    Screening**

26      Finally, before the Court allows a Plaintiff to proceed in forma pauperis, the Court

27  may screen the complaint.  Specifically,

28

## A.    28 U.S.C. § 1915(e)(2)

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis complaints").  "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."  *Id.*  Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  "A case is malicious if it was filed with the intention or desire to harm another."  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

## B.    Rule 8, Federal Rules of Civil Procedure

A claim must be stated clearly enough to enable a defendant to frame a responsive pleading.  A complaint must contain  "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  "Each averment of a pleading shall be simple, concise, and direct."  Fed. R. Civ. P. 8(e)(1).  A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a).  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

In order to assist litigants to understand the Rule 8(e) requirements that averments "be simple, concise, and direct," Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which are "intended to indicate the simplicity and brevity of statement which the rules contemplate."  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). An example is Form 9 (Complaint for Negligence):

1. Allegation of jurisdiction
2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
4. Wherefore plaintiff demands judgment against defendant in the sum of _____ dollars and costs.
*Id.*

"This complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and answered in minutes." *Id.* In addition, to satisfy Rule 8, each claim must be stated in a separate count. *Bautista v. Los Angeles*, 216 F.3d 837, 840-41 (9th Cir. 2000).

*Kennedy v. Andrews*, 2005 WL 3358205, *2-*3 (D. Ariz. 2005).

Here, Plaintiff's complaint against as many as 49 Defendants is 140 pages long consisting of 685 paragraphs. However, Plaintiff does not allege facts against each particular Defendant. Instead, the complaint is basically a very long narrative of various events in Mr. Roundtree's life. Starting on page 133, Plaintiff attempts to list thirty-seven causes of action. *See* Doc. 1 at 133-139. However, all each cause of action pleads is "Plaintiff incorporates and re-alleges, by reference, all other paragraphs of this Complaint as more fully set forth herein." This is inadequate to meet Rule 8's pleading standard as to each Defendant and each cause of action.

Further, almost every paragraph includes some version of the following statement: "Defendants have engaged in fraudulent concealment/constructive fraud because Defendants misrepresent/conceal/omit." *See e.g.* Doc. 1 at 33. Such a statement is a legal conclusion, and inadequate to advise **each** particular Defendant of the claim(s) against **that** particular Defendant. Accordingly, in the to-be-filed amendment, Mr. Roundtree must plead his claim(s) consistent with Rule 8's pleading standard.

More specifically, Mr. Roundtree must:

make clear his allegations in short, plain statements with each claim for relief identified in separate sections. In the amended complaint, Plaintiff must write out the rights he believes were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's rights, and what specific injury Plaintiff suffered because of the other person's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim of an alleged violation must be set forth in a separate count. Any amended complaint filed by Plaintiff must conform to the requirements of Rules 8(a) and [(d)(1)] of the Federal Rules of Civil Procedure.

*Kennedy*, 2005 WL 3358205, *3 (D. Ariz. 2005).

Further, like the Plaintiff in *Kennedy*,

**Plaintiff is warned that if he elects to file an amended complaint and if he fails to comply with the Court's instructions explained in this order, the**

1

**action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or**
**Rule 41(b) of the Federal Rules of Civil Procedure.** *See McHenry*, 84 F.3d
at 1177 (affirming dismissal with prejudice of prolix, argumentative, and
redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v.*
*North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981)(affirming
dismissal of amended complaint that was "equally as verbose, confusing, and
conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223
(9th Cir. 1965)(affirming dismissal without leave to amend second complaint
that was "so verbose, confused and redundant that its true substance, if any,
[was] well disguised").

*Kennedy*, 2005 WL 3358205, *3 (D. Ariz. 2005) (emphasis added).

### IV.   Conclusion

Based on the foregoing,

**IT IS ORDERED** that Mr. Roundtree is given leave to file an amended complaint within 30 days to cure all the deficiencies identified above.  If Mr. Roundtree fails to file an amended complaint within 30 days, or files an amended complaint that does not cure these deficiencies, this case will be dismissed.[1]

DATED this 6th day of November, 2012.

James A. Teilborg
United States District Judge

---

[1] Mr. Roundtree need only re-file the amended complaint itself.  He may incorporate, as necessary, his 1310 pages of exhibits already on file.